{¶ 94} I write separately in clarification of a fundamental issue. The right to a fair trial has been clearly challenged in this matter. While the conduct at the trial court does not rise to the level of a reversal, it certainly merits comment.
 {¶ 95} As this court held in State v. Hamilton, "[i]n cases where the evidence of guilt is clear and unequivocal, an erroneous ruling on an evidentiary matter simply does not rise to the level of tipping the scales of justice. Where there are witnesses to the crime to be believed or not believed, each individual piece of evidence loses its singular ability to carry the day. If there are ten witnesses, and only one has been erroneously handled by the trial court, we believe justice has been served, in most instances."[2]
 {¶ 96} In this matter, it is abundantly clear that the trial court made numerous erroneous evidentiary rulings and that defense counsel sat passively while the harm was done. Those facts standing alone compel this court to review the outcome with heightened scrutiny. However, adding to the dilemma is the realization that those very errors were invited by the trial strategy of the prevailing party. In candor, the "experts" for the state clearly acknowledge they were using a trial tactic to preserve the testimony of a witness with full knowledge their actions would deprive the accused of his fundamental right to confront his accusers. How do you cross-examine a victim who never testifies? This is outrageous conduct, at best.
 {¶ 97} Clearly, the testimony of the social worker and the doctor, reiterating what they believed the child said, was error. These are erroneous evidentiary rulings which could, in the appropriate circumstances, lead to a guilty person being set free. Stated simply, in this case appellant, through his confession, saved the state of Ohio from its own folly. Absent a confession, appellant's conviction may have been reversed.
 {¶ 98} I appreciate the candor which was demonstrated when the social worker described, in detail, the elaborate mechanisms which are in place to solicit, process, and deliver the "testimony" of the child victim. Much care is taken to ensure that "* * * mental health professionals, any guardian ad litems, any police departments * * *" are present when the testimony is taken. This is a calculated effort to deprive defendants of their due process rights.
 {¶ 99} Have we taken such a jaded view towards the Constitution that we now package testimony to avoid the accused's right to confrontation? It is readily apparent the testimony of the child, as presented through the mouths of the adults, was NOT for the purpose of medical treatment, and was, therefore, NOT admissible under Evid.R. 803(4).
 {¶ 100} Various members of this court, including myself, have expressed exceptional concern with the entirely inappropriate actions of the prosecutorial teams in these cases.[3] As I stated in my dissenting opinion in State v. Brazzon:
 {¶ 101} "Child rape cases are of paramount importance. A child has alleged that an adult has committed terrible and unthinkable sexual acts with her. If true, a conviction and prison term is justified to protect potential victims and deter future offenses. However, if the allegations are untrue, an innocent individual may be sent to prison for the rest of his life. For this reason, it is essential that the trial court strictly adhere to the Rules of Evidence designed to afford both the accused and the victim a fair trial."[4]
 {¶ 102} I cannot state strongly enough that the appellees herein are walking a dangerous and impermissible line when they "record" the testimony of a child victim through the eyes and ears of adults and then attempt to play it back before a jury. Again I say, absent a confession in this matter, that tactic combined with the ineffectiveness of counsel could clearly have produced a different result.
 {¶ 103} Reluctantly, I concur in affirming this conviction for I believe the jury had sufficient competent evidence to render their verdict. In no way, however, do I want to leave the impression that I condone the tactics used herein, for I do not.
[2] State v. Hamilton (Apr. 12, 2002), 11th Dist. No. 2000-L-003, 2002 WL 549841, *13.
[3] See State v. Brazzon, 11th Dist. No. 2001-T-0050, 2003-Ohio-6088; and State v. Demetris, 11th Dist. No. 2001-T-0025, 2002-Ohio-3711.
[4] State v. Brazzon, supra, at ¶ 72.